IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED

1/9/2019

Clerk, U.S. District Court
District of Montana
Helena Division

| | |
|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER LOCAL 669 UA EDUCATION FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND, TRUSTEES OF THE SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND AND ROAD SPRINKLER FILLERS LOCAL UNION 669 WORK ASSESSMENTS<br>8000 Corporate Drive<br>Landover, MD 20785<br>     Plaintiffs,<br><br>v.<br><br>SECURITY FIRE PROTECTION, INC.,<br>PO Box 5868<br>Helena, MT 59604<br>    and<br>KEVIN BRICENO<br>1101 Chestnut St.<br>PO Box 5868<br>Helena, MT 59604<br>    and<br>JUNE BRICENO<br>1101 Chestnut St.<br>PO Box 5868<br>Helena, MT 59604<br>     Defendants. | No. CV 17-43-H-SEH<br><br>**ORDER** |

A hearing on Plaintiffs' Motion for Summary Judgment[1] and Defendants' Motion for Summary Judgment[2] was held on June 22, 2018. Filing of additional statements of fact and briefs was ordered. An additional hearing was held on August 30, 2018, at which the parties cross-motions for summary judgment were denied. A court ordered joint stipulation addressing remaining issues was filed on September 21, 2018.[3] On November 13, 2018, the Court held a final hearing directed to the issues of personal liability of Defendants Kevin Briceno and June Briceno. That issue is ripe for decision.

## **Background**

On March 28, 2007, Security Fire Protection ("Security") entered an Assent and Interim Agreement authorizing National Fire Sprinkler Association ("NFSA") to represent it in its collective bargaining.[4]

On April 14, 2007 and again on April 1, 2010, NFSA bound Security to the terms of a Master Collective Bargaining Agreement ("Bargaining Agreement")[5] enforceable for a period of three years.

---

[1] Doc. 29.

[2] Doc. 31.

[3] Doc. 68.

[4] *See* Doc. 74-2.

[5] *See* Docs. 74-3 and 22-6.

On October 16, 2009, Security entered into a Settlement Agreement with Plaintiffs in which the National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669 UA Education Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund and the Road Sprinkler Fitters Local Union 669 Work Assessments ("NASI Funds"), waived any liquidated damages in exchange for Security agreeing, *inter alia*, (1) to make all scheduled payments as they came due under the Settlement Agreement, and (2) to submit future remittance reports and pay monthly contributions as they came due under the Bargaining Agreement.[6] The Settlement Agreement was signed by Kevin and June Briceno, who agreed to personally guarantee its terms.[7]

On December 21, 2010, NASI Funds brought suit in the United States District Court for the District of Maryland alleging Security had defaulted on the terms of the Settlement Agreement.[8] Default judgment against Security and the Bricenos was entered in the Maryland action on October 21, 2011, granting NASI Funds' motion for summary judgment on all amounts owed ("Maryland

---

[6] *See* Doc. 13-2.

[7] *See* Doc. 13-2 at 5.

[8] *See* Doc. 33-1.

Judgment").[9] Two judgments against the defendants were entered.

The first judgment granted specifically requested relief totaling $207,976.39 – $88,150.95 from monies owed under the Settlement Agreement; $81,469.83 for unpaid contributions; $28,852.73 liquidated damages; $8,271.63 interest; $706.25 attorneys' fees; and $525 costs.[10] The second judgment was for: (1) $29,416.50 in contributions that had become due after the NASI funds filed suit; (2) $22,141.58 unpaid contributions; (3) $5,811.87 liquidated damages; and (4) $1,463.05 interest.[11] The Maryland Judgment was registered in Montana district court on May 30, 2012.[12]

A Revised Satisfaction of Judgment was filed in the United States District Court for the District of Maryland on May 30, 2017,[13] which acknowledged that the Maryland judgment of October 21, 2011 "has been satisfied in full," and stated that Plaintiffs "release and discharge to the Defendants . . . all the right, title and interest in and to the [Maryland] Judgment . . . and hereby declare the [Maryland] Judgment fully paid and satisfied, and the Judgment lien against the

---

[9] See Doc. 33-2.

[10] See Doc. 33-2.

[11] See Doc. 33-2.

[12] See Doc. 33 at 3 and 39 at 3.

[13] See Doc. 51 at 4 and 51-5.

Defendants fully released and discharged."[14] On July 28, 2017, NASI Funds filed a satisfaction of the Maryland Judgment against Security and the Bricenos in Montana district court.[15]

## Discussion

Montana conflict of law rules which apply to this court sitting in diversity[16] instruct that "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."[17] The Settlement Agreement was filed in Maryland and executed in Landover, Maryland.[18] Maryland law governs disputes arising from it.

Maryland law requires that settlement agreements be "'subject to the same general rules of construction that apply to other contracts [in Maryland],'" *i.e.*, an objective theory of construction under which the court is "to determine from the language of the agreement itself what a reasonable person in the position of the

---

[14] *See* Doc. 51-5.

[15] *See* Doc. 33 at 3 and 39 at 4.

[16] *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

[17] MONT. CODE ANN. § 28–3–102 (2018).

[18] *See* Doc. 13-2 at 1.

parties would have meant at the time it was effectuated."[19] Maryland law further holds that "[w]hen the language of [a] contract is plain and unambiguous there is no room for construction, and a court must presume that the parties meant what they expressed."[20] The Settlement Agreement bound Security and Kevin and June Briceno, as personal guarantors, to "including but not limited to, the payment of the principal amount owed and payment <u>of all future amounts which may become due during the duration of this Agreement</u>."[21]

The language of the contract created an ongoing obligation for Kevin and June Briceno, as personal guarantors, through the last date at which Security would be responsible for contributions to the NASI funds. Security therefore was responsible for contributions through March 31, 2013.[22]

On the record before the Court, the Maryland Judgment could not have encompassed contributions after October 21, 2011. Security remains liable for amounts due between the date of the Maryland Judgment and March 31, 2013. Bricenos' having agreed to personally guarantee Security's performance under the

---

[19] *Kaye v. Wilson-Gaskins*, 135 A.3d 892, 902 (Md. 2016) (quoting *Maslow v. Vanguri*, 896 A.2d 408 (Md. 2006)).

[20] *Kaye*, 135 A.3d at 902 (quoting *Spacesaver Sys., Inc., v. Adam*, 98 A.3d 264 (Md. 2014)).

[21] Doc. 74-1 at 6 (emphasis added).

[22] *See* Doc. 74-1.

Settlement Agreement, remain personally liable for amounts owed through the expiration of the Bargaining Agreement on March 31, 2013.

The September 21, 2018, joint stipulation acknowledges genuine issues of material fact remain regarding amounts owed.[23] The case will proceed to trial on all unresolved issues.

ORDERED:

Kevin Briceno and June Briceno are liable under the terms of the October 16, 2009, Settlement Agreement for payment of contribution amounts owed, if any, between October 21, 2011, and March 31, 2013, and for associated fees and interest.

Trial to establish contribution amounts owing will be set.

DATED this 8th day of January, 2019.

SAM E. HADDON
United States District Judge

---

[23] *See* Doc. 68.